No cause having been shown at the next term, the rule became absolute, and the security must be given. A rule must now be made that the complainants shall give the security on or before the first day of next term or the cause to stand dismissed as of this term.
It was then moved for the defendants that the order formerly made for opening the accounts settled by the award complained of and stated in the bill be set aside, unless cause can be shown to the contrary at the next term, and that there be a rule made for that purpose. The ground of this motion was that the complaint against the award stated the getting to possession by Wilkerson, the testator of McLain, and the concealment by him from the arbitrators of an account current belonging to Wilcox, which charged Wilkerson with a considerable sum not allowed to Wilcox by the arbitrators, owing to such (176) concealment. It was said and read from the answer that this allegation was not true, for that these papers had been laid before the arbitrators, and as this answer had never been replied to, it was to be taken as true. Notwithstanding which, the accounts had been ordered to be opened, and a new account stated.
Mr. Williams opposed this motion, saying here was a decree that the account should be taken; and that a decree could not be reversed but by a bill of review.
The counsel for the defendant argued that no bill of review would lie but on a final decree. By the British precedents a petition against this order would be the proper form of proceeding; that had not been used in our courts; and then there was no other mode left but by motion, and as that gave to the other side equal time to prepare for the defense, and equal notice of the point to be argued, as a petition would, it was equally proper for all purposes of justice as a petition was. *Page 184